UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHAABAN SHAABAN HAFED,<br><br>                Plaintiff,<br>   vs.<br><br>SUSAN W. BROOKS, et al.,<br><br>                Defendants. | 1:06-cv-005-JDT-TAB |

### Entry Discussing Complaint and Dismissing Action

The plaintiff's request to proceed *in forma pauperis* is **granted.**

The complaint has been considered for purposes of the screening required by 28 U.S.C. § 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). The plaintiff alleges that the defendants, being the United States Attorney for this District, two Assistant United States Attorneys for this District, and a special agent of the Federal Bureau of Investigation, have violated his federally secured rights by causing him to be charged in a criminal action in this court. The criminal action is docketed as No. IP 05-34-CR-01. The plaintiff also relates that he was attacked while being confined in the Marion County Jail. He seeks to be released and also to recover five (5) million dollars in damages from the defendants.

In *Heck v. Humphrey,* 512 U.S. 477(1994), the Supreme Court held that "a [section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."

> *Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence. *Id.* at 486-87 [ ]. Should success in a civil suit necessarily imply the invalidity of a conviction or sentence, *Heck* requires the potential plaintiff to wait until his conviction is nullified before bringing suit. *Id.*

*Whiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004).

The plaintiff cannot proceed in this forum as he proposes. This is because: (1) a civil rights action cannot be used to secure his release from detention, *Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005); *Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999) (holding that habeas is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense."); (2) the defendants are not alleged to have been personally involved in or responsible for the assault on the plaintiff while being detained, *see Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant's personal responsibility to support a viable claim under § 1983 and quoting the requirement of *Farmer v. Brennan,* 511 U.S. 825, 843-44 (1994), that an official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a [42 U.S.C.] § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'")(*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); and (3) the remaining claims–relating to the fact that the plaintiff is a defendant in a criminal action–are not viable at this point in light of the rule announced in *Heck.*

Because the plaintiff has alleged facts showing that he has no claim--"by going beyond the bare minimum, a plaintiff may plead h[im]self out of court," *Warzon v. Drew,* 60 F.3d 1234, 1239 (7th Cir. 1995)–the present lawsuit must be dismissed. The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____